UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PAYCARGO FINANCE LP,

    Plaintiff,

vs.

CASE NO.: 1:22-cv-22707

ASPEN AMERICAN INSURANCE COMPANY,

    Defendant,

and

BAY MARITIMES INC.,

    Nominal Defendant.

_____/

## COMPLAINT

Plaintiff PAYCARGO FINANCE LP ("Plaintiff" or "PCF") hereby sues Defendant ASPEN AMERICAN INSURANCE COMPANY ("Defendant" or "Aspen") and Nominal Defendant BAY MARITIMES INC. ("Bay Maritimes") and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff PayCargo Finance, LP is a Delaware limited partnership authorized to transact business within the state of Florida, and with its principal place of business in Miami-Dade County, Florida.

2. Defendant Aspen American Insurance Company is a Texas corporation with its principal place of business in the state of Connecticut. Aspen is authorized to transact business in the state of Florida.

3. Nominal Defendant Bay Maritimes is a Canadian corporation with its principal place of business in Canada.

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1352 insofar as this action seeks to recover on a surety bond required by the Shipping Act. *See* 46 U.S.C. § 40902.

5. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County, Florida. Specifically, this action arises from Aspen's denial of a claim against a surety bond pertaining to a judgement which was entered against Bay Maritimes in Miami-Dade County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff provides short term financing in the form of credit in connection with PayCargo, a system which facilitates the processing and settlement of payments to a network of vendors within the transportation and logistics industry.

7. On behalf of the borrower, Plaintiff pays the vendor upfront and then, 30 days later, debits the borrower's bank account for the amount of the freight transaction plus a fee. Plaintiff's financing provides credit to payers by advancing the funds in connection with a transaction to allow for prompt payment to PayCargo's network of vendors. This allows vendors to release cargo faster, often the same day, because they do not need to wait for payment to clear from the payers and because PayCargo guarantees payment on the freight shipment.

8. Bay Maritimes agreed to receive the benefit of PCF's financing and utilized PCF's services in connection with invoices paid through PayCargo. [Credit Agreement] (attached as **Exhibit A**).

9. PCF advanced substantial funds to Bay Maritimes' vendors on behalf of Bay Maritimes in connection with specific freight shipments. With each advancement of funds, Bay

Maritimes would provide bill of lading information to ensure that the funds advanced by PCF were specifically for Bay Maritimes freight shipment related activities.

10. To recover the advanced funds as well as additional fees relating to the transaction, PCF attempted to debit Bay Maritimes account via ACH payment pursuant to the terms of PCF's agreement with Bay Maritimes. However, Bay Maritimes failed to have the funds available to cover these payments which PCF had advanced on behalf of Bay Maritimes to various shippers.

11. Plaintiff filed a lawsuit in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida in order to recover the funds advanced. *See PayCargo Finance, LP v. Bay Maritimes Inc.*, Case No. 2021-014584CA 01 (Fla. 11th Jud. Cir. Ct.) (the "State Court Lawsuit").

12. On January 11, 2022, a Default Final Judgment was entered in favor of Plaintiff and against Bay Maritimes in the amount of $150,548.54. [Default Final Judgment] (attached as **Exhibit B**).

13. During the relevant timeframe, Bay Maritimes was licensed as a Non-Vessel-Operating Common Carrier ("NVOCC") with the Federal Maritime Commission ("FMC").

14. An NVOCC is a form of "ocean transportation intermediary" or "OTI" -- essentially "middlemen" within the maritime shipping industry. An NVOCC performs the services of an ocean carrier except without operating the vessels themselves by buying services from ocean carriers.

15. The Shipping Act requires NVOCCs to obtain a surety bond to pay, among other things, "any claim against an ocean transportation intermediary arising from its transportation-related activities" and "any judgment for damages against an ocean transportation intermediary arising from its transportation-related activities…" 46 U.S.C. § 40902.

16. Bay Maritimes's NVOCC bond was through Aspen. The bond was assigned Bond Number SU63030 (the "Surety Bond").

17. Plaintiff first made a claim against the Surety Bond on or about June 1, 2021 which was renewed upon the entry of a judgment in favor of PCF. Throughout this process, Aspen has repeatedly denied the claim as falling outside the scope of the Surety Bond.

18. Aspen's denial of PCF's claim was incorrect and improper and thus was a violation of Aspen's duties with regard to the Surety Bond.

19. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay for reasonable attorney's fees and costs incurred.

20. All conditions precedent to the filing of this action have occurred or have been performed, waived, satisfied or excused.

## COUNT I
## BREACH OF CONTRACT

21. Plaintiff hereby incorporates Paragraphs 1 through 20 above, as if fully alleged herein.

22. Aspen and Bay Maritimes entered into a contract in the form of the Surety Bond.

23. Plaintiff does not have a copy of the bond agreement but intends to obtain a copy of same through the discovery process.

24. Such an agreement would presumably follow Form FMC-48 issued by the FMC, and otherwise conform to the requirements of both the Shipping Act and associated FMC regulations. [Form FMC-48] (attached as **Exhibit C**).

25. Because Plaintiff was both affected by the actions Bay Maritimes transportation-related activities and also obtained a judgment against Bay Maritimes arising from Bay

Maritimes's transportation-related activities, Plaintiff is an intended third-party beneficiary of the Surety Bond.

26. Aspen breached its obligations to Plaintiff for failing to pay Plaintiff's claim and judgment from the Surety Bond.

27. Plaintiff has been damaged as a result of Aspen's breach.

28. Because Bay Maritimes is a party to the Surety Bond agreement, it is being joined as a nominal defendant to this cause of action.

WHEREFORE, Plaintiff PayCargo Finance LP hereby demands a judgment against Defendant Aspen American Insurance Company for the full amount of the Surety Bond, an award of attorney's fees and costs, and any other relief which the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 25, 2022

> XANDER LAW GROUP, P.A.
> One N.E. 2nd Avenue, Suite 200
> Miami, Florida 33132
> Tel: (305) 767-2001
> Fax: (855) 926-3370
> marcus@xanderlaw.com
> wayne@xanderlaw.com
> service@xanderlaw.com
>
> By:     /s/Wayne R. Atkins
>         WAYNE R. ATKINS
>         Fla. Bar No. 84000
>         MARCUS TAN
>         Fla. Bar No. 38616