IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PAYCARGO FINANCE LP,**

    **Plaintiff,**

v.

                                             Case No. 1:22-cv-22707-KMW

**ASPEN AMERICAN INSURANCE COMPANY,**

    **Defendant,**

**BAY MARITIMES INC.,**

    **Nominal Defendant.**

_____/

## DEFENDANT ASPEN AMERICAN INSURANCE COMPANY'S
## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Defendant, Aspen American Insurance Company ("Aspen"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this Motion to Dismiss the Complaint (ECF No. 1) filed by Plaintiff, PayCargo Finance LP ("PayCargo Finance"), with prejudice, and in support states:

PayCargo Finance has filed a one-count Complaint against Aspen based on an alleged Federal Maritime Commission ("FMC") bond in the form attached to the Complaint ("Bond"). To have a valid claim under the alleged Bond, the principal on the alleged Bond, Nominal Defendant, Bay Maritimes Inc. ("Bay Maritimes"), must have acted as a non-vessel-operating common carrier ("NVOCC") in the transactions giving rise to the claim. The allegations of the Complaint establish, however, that Bay Maritimes was not acting as an NVOCC in its transactions with PayCargo Finance. As such, pursuant to 46 U.S.C. § 40902 and *AEL Asia Express (H.K.), Ltd. v. American Bankers Insurance Co.*, 5 Fed. App'x 106 (4th Cir. 2001), PayCargo Finance's purported claim is

beyond the scope of the alleged coverage of the Bond, and the Complaint should be dismissed for failure to state a cause of action upon which relief may be granted.

## BACKGROUND

1. PayCargo Finance commenced this action on August 25, 2022, when it filed its one-count Complaint seeking relief for an alleged breach of contract. *See generally* Complaint.

2. In the Complaint, PayCargo Finance describes itself as a provider of "short term financing in the form of credit". *Id.* at ¶ 6.

3. PayCargo Finance alleges that pursuant to a credit agreement, PayCargo Finance extended credit to Bay Maritimes that was used to pay vendors. *Id.* at ¶¶ 8-9.

4. Bay Maritimes allegedly failed to repay PayCargo Finance for the credit extended. *Id.* at ¶ 10.

5. PayCargo Finance filed suit against Bay Maritimes in the Eleventh Judicial Circuit Court of Florida to recover the allegedly unpaid debt and obtained a Default Final Judgment ("Judgment") in the amount of $150,548.54. *Id.* at ¶ 11.

6. PayCargo Finance further alleges that "[d]uring the relevant timeframe," Bay Maritimes was licensed as an NVOCC, an entity "that performs the services of an ocean carrier except without operating the vessels themselves by buying services from ocean carriers." *Id.* at ¶ 14.

7. PayCargo Finance has alleged that NVOCC's are required to obtain a surety bond to pay "any claim against an ocean transportation intermediary arising from its transportation-related activities" and "any judgment for damages against an ocean transportation intermediary arising from its transportation-related activities." *Id.* at ¶ 15.

8. Bay Maritimes allegedly obtained the Bond from Aspen. *Id.* at ¶ 16.

9. PayCargo Finance alleges that it made a claim against the Bond on or about June 1, 2021, which was renewed after the Judgment, and that Aspen denied the claim. *Id.* at ¶ 17.

10. PayCargo Finance further alleges that "[b]ecause Plaintiff was both affected by the actions [of Bay Maritimes's] transportation-related activities and also obtained a judgment against Bay Maritimes arising from [Bay Maritimes's] transportation-related activities, Plaintiff is an intended third-party beneficiary of the [Bond]." *Id.* at ¶ 25.

11. Moreover, PayCargo Finance alleges that because Aspen denied PayCargo Finance's claim under the Bond, "[Aspen] breached its obligations to Plaintiff." *Id.* at ¶ 26.

## GROUNDS FOR THE MOTION

12. On the face of the Bond form attached to the Complaint, the Bond would apply to "claim[s] against an [NVOCC] arising from its transportation-related activities." *See* Complaint, Ex. C. Therefore, for a valid claim to exist against the Bond, Bay Maritimes must have been acting as an NVOCC in the transactions that gave rise to PayCargo Finance's alleged claim. *See AEL*, 5 Fed. App'x at 107-110.

13. Based on the allegations of the Complaint, however, Bay Maritimes was not acting as an NVOCC in its transactions with PayCargo Finance. Instead, Bay Maritimes was acting only as a debtor that received financing from a creditor, PayCargo Finance. *See* Complaint at ¶¶ 6-9.

14. Because the Complaint establishes that Bay Maritimes was acting only as a debtor and not as an NVOCC in the transactions giving rise to PayCargo Finance's alleged claim, PayCargo Finance's Complaint fails to state a claim upon which relief may be granted and, accordingly, must be dismissed. Fed. R. Civ. P. 12(b)(6).

**WHEREFORE**, for the foregoing reasons and those more fully set forth in the Incorporated Memorandum of Law, Defendant, Aspen American Insurance Company, respectfully

requests that the Court enter judgment in its favor dismissing the Complaint with prejudice; ordering that Plaintiff, PayCargo Finance LP, take nothing in this action; awarding Aspen American Insurance Company its costs and reasonable attorney's fees incurred in this action; and, granting Aspen American Insurance Company such other further relief as the Court deems just and proper.

## INCORPORATED MEMORANDUM OF LAW

**I.     For a valid bond claim to exist, the bonded principal must have acted as an NVOCC in the transaction giving rise to the claim.**

Section 40902 of Chapter 46 of the United States Code governs the FMC bonds of the form attached to the Complaint which are issued to NVOCC's and ocean freight forwarders.[1] That section provides, in pertinent part:

> **(b) Scope of financial responsibility.** A bond, insurance, or other surety obtained under this section—
> 
> . . .
> 
> **(2)** may be available to pay any claim *against an [NVOCC]* arising from its transportation-related activities—
>  **(A)** with the consent of the insured ocean transportation intermediary and subject to review by the surety company; or
>  **(B)** when the claim is deemed valid by the surety company after the ocean transportation intermediary has failed to respond to adequate notice to address the validity of the claim; and
> 
> **(3)** shall be available to pay any judgment for damages *against an [NVOCC]* arising from its transportation-related activities, if the claimant has first attempted

---

[1]     46 U.S.C. § 40902 applies to bond claims where the principal is an ocean transportation intermediary, a term which, per 46 U.S.C. § 40102, is defined as either an NVOCC or an ocean freight forwarder. An ocean freight forwarder is defined by 46 U.S.C. § 40102 as a person that "in the United States, dispatches shipments from the United States via a common carrier and books or otherwise arranges space for those shipments on behalf of shippers" and "processes the documentation or performs related activities incident to those shipments." PayCargo Finance does not allege that Bay Maritimes acted as an ocean freight forwarder in any capacity related to this litigation. Even if PayCargo Finance had suggested as much, however, Bay Maritimes was not acting as an ocean freight forwarder in its transactions with PayCargo Finance for the same reason it was not acting as an NVOCC: Bay Maritimes was acting only as a debtor in those transactions.

> to resolve the claim under paragraph (2) and the claim has not been resolved within a reasonable period of time.

(emphasis added). For a valid claim to be brought under a bond pursuant to this section, the principal must have acted as an NVOCC in the specific transaction giving rise to the claim. *See AEL Asia Express (H.K.), Ltd. v. American Bankers Ins. Co.*, 5 Fed. App'x 106, 107-110 (4th Cir. 2001).

In *AEL*, the Fourth Circuit was tasked with interpreting 46 U.S.C. § 1721, which was an earlier codification of the current 46 U.S.C. § 40902. *Id.* at 107. Section 1721 provided, in pertinent part:

> A bond, insurance, or other surety obtained pursuant to this section shall be available to pay any judgment for damages ***against a [NVOCC]*** arising from its transportation-related activities under this chapter . . . .

*Id.* (emphasis added). The claimant in *AEL* argued that it was **not** required to show that the bonded principal was acting as an NVOCC in the specific transaction that gave rise to its bond claim to pursue the claim under § 1721. *Id.* at 108. The Fourth Circuit disagreed. *Id.* at 110. In construing the meaning of § 1721, the court held that to bring a bond claim under § 1721, the bonded principal must have been acting as an NVOCC in the transaction that gave rise to the claim. *Id.* at 108-111 ("The bond . . . applies only when the principal acts as an NVOCC.").

The basis of the court's conclusion was twofold. *Id.* First, the court reviewed the legislative history of § 1721 and noted that the statute was intended to apply specifically to companies in the performance of NVOCC services, not other services those companies may also provide. *Id.* at 109. Second, the court considered the FMC's interpretation of § 1721. *Id.* The FMC had specifically noted, "the bond covers the transportation-related activities of an NVOCC when acting as an NVOCC. . . . To the extent that someone who operates as an NVOCC also provides non-NVOCC services, those services would not be covered by the bond." *Id.* (citation omitted). Following this

analysis, the court stated, "[W]e conclude the [principal] must serve as the NVOCC in the relevant transaction for the bond to apply. . . To hold otherwise would transform the bond into a general insurance policy." *Id.* at 110.

The holding and reasoning of *AEL* apply here because the language in § 40902 at issue in this action is substantively identical to the language construed by the Fourth Circuit in *AEL*. *See* Completing Codification of Title 46 United States Code, "Shipping", as Positive Law, 151 Cong. Rec. H 10247, at 10312 (2005) ("[This bill, which includes § 40902] makes no substantive change in the law. It simply provides clarity and reorganization [of shipping laws].").

As the *AEL* court did, this Court should hold that for a valid bond claim to exist on bonds of the type attached to the Complaint, the principal must have been acting as an NVOCC in the specific transaction that gave rise to the claim. Bay Maritimes was not acting in that capacity in its alleged relationship with PayCargo Finance.

**II.     Bay Maritimes was not acting as an NVOCC in the specific transactions giving rise to PayCargo Finance's alleged bond claim.**

In *AEL*, after holding that the claimant was required to show that the bonded principal was acting as an NVOCC in the specific transactions giving rise to the claim, the Fourth Circuit evaluated whether the principal was in fact acting as an NVOCC in the relevant transactions. 5 Fed. App'x at 110-11. To decide this question, the court reviewed the services the principal was providing to the claimant in the transactions and concluded that these services did not fall within the statutory definition of an NVOCC. *Id.*

The transactions that gave rise to PayCargo Finance's alleged bond claim are described in the Complaint as a creditor-debtor relationship. Pursuant to a credit agreement, PayCargo Finance, as the creditor, allegedly "advanced substantial funds" on behalf of Bay Maritimes, the debtor. Complaint at ¶¶ 6-9. Bay Maritimes's purported failure to repay these funds (i.e., its alleged default

and breach of the credit agreement) underlies the Default Final Judgment that PayCargo Finance obtained. *Id.* at ¶¶ 10-11. Based on PayCargo Finance's allegations, the only services Bay Maritimes was supposed to provide in its transactions with PayCargo Finance were those of a debtor toward a creditor; i.e., repayment of a debt.

Section 40102 of Chapter 46 of the United States Code defines an NVOCC as "a common carrier that . . . (A) does not operate the vessels by which the ocean transportation is provided; and, (B) is a shipper in its relationship with an ocean common carrier." In its transactions with PayCargo Finance, Bay Maritimes was not providing PayCargo Finance with the services of a common carrier, a shipper, or any similar entity. The only potential services rendered by Bay Maritimes to PayCargo Finance involved the repayment of funds borrowed from PayCargo Finance. The definition of an NVOCC under § 40102 does not, expressly or impliedly, encompass this type of activity.

Similar to the bonded principal in *AEL*, Bay Maritimes, although it may have acted as an NVOCC in other transactions, was clearly not providing services in that capacity when it transacted business with PayCargo Finance. Complaint at ¶¶ 6-9 (alleging a debtor-creditor financing relationship between Bay Maritimes and PayCargo Finance). Accordingly, PayCargo Finance's alleged claim on the bond in this action must be dismissed since the alleged claim does not fall within the coverage of the alleged Bond.

## CONCLUSION

PayCargo Finance has not and cannot state a claim upon which relief may be granted because Bay Maritimes was not acting as an NVOCC in its transactions with PayCargo Finance. Therefore, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: October 4, 2022

Respectfully submitted,

**GURLEY & ASSOCIATES**

/s/    *David E. Gurley*
David E. Gurley (Fla. Bar No.: 0402214)
dgurley@gurleyassociates.com
Michael A. Fant (Fla Bar No.: 0100713)
mfant@gurleyassociates.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyassociates.com

*Counsel for Defendant, Aspen American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**GURLEY & ASSOCIATES**

/s/    *David E. Gurley*
David E. Gurley (Fla. Bar No.: 0402214)
dgurley@gurleyassociates.com
Michael A. Fant (Fla Bar No.: 0100713)
mfant@gurleyassociates.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyassociates.com

*Counsel for Defendant, Aspen American Insurance Company*