## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PAYCARGO FINANCE LP,

        Plaintiff,

CASE NO.: 1:22-cv-22707-KMW

vs.

ASPEN AMERICAN INSURANCE
COMPANY,

        Defendant,

and

BAY MARITIMES INC.,

        Nominal Defendant.

_____/

## MOTION FOR RELIEF FROM PAPERLESS ORDER'S REQUIREMENT TO MOVE FOR FINAL JUDGEMENT AGAINST BAY MARITIMES INC.

Plaintiff PayCargo Finance LP ("Plaintiff") hereby moves for relief from the November 16, 2022 Paperless Order's (D.E. 21) requirement to move for a final judgment against Bay Maritimes Inc. on or before December 12, 2022, and states:

1.    This action seeks to recover from a surety bond which Nominal Defendant Bay Maritimes Inc. ("Bay Maritimes") obtained through Defendant Aspen American Insurance Company ("Aspen") to pay "any judgment for damages against an ocean transportation intermediary arising from its transportation-related activities…" (D.E. 1 at pg. 3-4 ¶15-16). As for its monetary damages against Bay Maritimes, Plaintiff already obtained a judgment in state court. (D.E. 1 at pg. 3 ¶11-12). This litigation centers on whether Aspen is obligated to pay Plaintiff from the surety bond for the damages awarded in the state court judgment. (D.E. 1 at pg. 4-5).

2.    A default was entered against Bay Maritimes on September 26, 2022. (D.E. 13).

Bay Maritimes is a Canadian company which was served through its Manager in Ontario, Canada. (D.E. 7). Such service is allowed under both the Hague Convention and Canadian law. *See Joescan, Inc. v. LMI Techs., Inc.*, C07-5323RJB, 2007 WL 2253319, at *1 (W.D. Wash. Aug. 2, 2007) (personal service on Canadian company through its CFO is permissible).

3.      On November 16, 2022, this Court entered a Paperless Order (D.E. 21) which stated the following:

> THIS MATTER is before the Court on 13 Clerk's Entry of Default as to Defendant Bay Maritimes Inc. On or before December 12, 2022, Plaintiff shall file a motion for final default judgment against Defendant Bay Maritimes Inc. and serve it in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion must be accompanied by a proposed default final judgment order setting forth the sum certain owed as money damages and the sum certain sought for attorneys' fees and costs supported by sufficient evidence, through affidavits or otherwise, to establish the basis for damages and other relief sought in the pleadings. The motion must also reference specific legal authority establishing Plaintiff's entitlement to the relief sought and demonstrating that service was proper.

(D.E. 21).

4.      Plaintiff seeks to be relieved of this deadline because it is not seeking a judgment against Bay Maritimes in this action. As mentioned, Plaintiff already obtained a judgment against Bay Maritimes in state court. The relief being sought in the Complaint is payment by Aspen on a surety bond.

5.      Bay Maritimes is only included as a "Nominal Defendant" because it is an indispensable party to the action as a party to the underlying surety agreement who would be impacted by the payment on the surety bond to a creditor and who potentially can object to Plaintiff's claim. *See* 46 C.F.R. § 515.23 (allowing ocean transportation intermediary objections to claims against surety and requiring surety to provide notice to Federal Maritime Commission of judgments requiring payment by surety); *see also Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1351 (M.D. Fla. 2019) (parties to a contract may be indispensable

2

when they have rights which may be implicated by the lawsuit). Specifically, Bay Maritimes' ability to have the surety bond available to pay other creditors, as well as its status with the FMC, is potentially impacted if the Court ultimately requires Aspen to pay on the surety bond. Further, Bay Maritimes has a right under FMC regulations to object to any payment on the surety bond. Thus, Bay Maritimes is an indispensable party to these proceedings.

6.      However, because Bay Maritimes is an indispensable party to these proceedings does not mean that Plaintiff is seeking an independent judgment against Bay Maritimes. Therefore, moving for such a judgment, as currently required by the Court's Paperless Order (D.E. 21), would be improper, and Plaintiff should be relieved from the current deadline to do so.

7.      Prior to filing this Motion, counsel for Plaintiff conferred with counsel for Aspen regarding the relief sought herein. Aspen, which has filed its own Motion to Stay Entry of Default Judgment (D.E. 23) seeking a similar form of relief, indicated that Aspen does not oppose relieving Plaintiff from the Court's Order directing it to move for final default judgment (D.E. 21); that Aspen does not join this motion or approve or adopt the arguments asserted herein; and, that Aspen expressly reserves all rights, claims, defenses, and remedies in this action and otherwise.

WHEREFORE, Plaintiff PayCargo Finance LP moves this Honorable Court for relief from the Paperless Order's (D.E. 21) requirement that Plaintiff move for a final judgment against Bay Maritimes on or before December 12, 2022.

Respectfully submitted,

XANDER LAW GROUP, P.A.
One N.E. 2nd Avenue, Suite 200
Miami, Florida 33132
Tel: (305) 767-2001
Fax: (855) 926-3370
wayne@xanderlaw.com
marcus@xanderlaw.com
service@xanderlaw.com

By:    /s/Wayne R. Atkins
        WAYNE R. ATKINS
        Fla. Bar No. 84000
        MARCUS TAN
        Fla. Bar No. 38616

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 12, 2022, a copy of this *Motion for Relief from Paperless Order's Requirement to Move for Final Judgment Against Bay Maritimes Inc.* was served upon:

**Served by mail:**

Bay Maritimes Inc.
1290 Eglinton Ave E #05
Mississauga, ON L4W 1K8
Canada

**Served via CM/ECF:**

David E. Gurley
Michael A. Fant
Gurley & Associates
601 South Osprey Avenue
Sarasota, Florida 34236
eservice@gurleyassociates.com

/s/Wayne R. Atkins
WAYNE R. ATKINS

4