IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PAYCARGO FINANCE LP,**

    **Plaintiff,**

Case No. 1:22-cv-22707

v.

**ASPEN AMERICAN INSURANCE COMPANY,**

    **Defendant,**

**BAY MARITIMES INC.,**

    **Nominal Defendant.**

_____/

## DEFENDANT ASPEN AMERICAN INSURANCE COMPANY'S MOTION FOR LEAVE TO TAKE SUPPLEMENTAL DEPOSITION TESTIMONY FROM PLAINTIFF

Defendant, Aspen American Insurance Company ("Aspen"), pursuant to Federal Rules of Civil Procedure 30 and 37, files this, its Motion for Leave to Take Supplemental Deposition Testimony from Plaintiff, PayCargo Finance LP ("PCF"), and states in support hereof:

1. Aspen brings the instant Motion for two reasons. First, because PCF's corporate representative was unable to testify at a deposition regarding topics that were properly noticed by Aspen for the deposition. Second, because PCF produced documents *after* the deposition pertaining to PCF's alleged damages that Aspen did not have the opportunity to inquire about at the deposition.

2. On or about May 22, 2023, Aspen noticed the deposition of PCF's corporate representative in this matter. A true and correct copy of the deposition notice is attached hereto as Exhibit "A".

3. Pursuant to Federal Rule of Civil Procedure 30(b)(6), in the Notice, Aspen

expressly informed PCF that among the topics for the deposition would be PCF's alleged damages and how the alleged damages amount was calculated.

4.     On June 8, 2023, Aspen took the deposition of PCF's corporate representative. A true and correct copy of relevant excerpts from the deposition transcript ("Depo. Transcript") is attached hereto as Exhibit "B".

5.     PCF's deposition testimony was deficient because PCF's corporate representative was unable to testify fully regarding the noticed topics. *See* Fed. R. Civ. Pro. 30(b)(6) ("The persons designated [to testify for the organization at a deposition] must testify about information known or reasonably available to the organization."). Specifically, PCF's designated corporate representative was unable to answer several specific questions about PCF's alleged damages accounting and indicated that he would have to "validate" the answers to the questions and check with the "accounting department". *See* Depo. Transcript pg. 66 line 25; pg. 67 lines 1-6, 24-25; pg. 68 lines 2-3, 14-18; pg. 72 lines 11-25; pg. 73 lines 1-2, 23-25; pg. 74 lines 1-3; pg. 76 lines 6-12. Consequently, Aspen could not question PCF fully about its alleged damages.[1]

6.     Aspen made a good faith effort to resolve the deficiencies in PCF's deposition testimony without having to involve the Court. On June 13, 2023, Aspen sent PCF good faith correspondence requesting, among other things, that PCF provide a supplemental interrogatory answer that explained, by transaction, how the amount of its alleged damages was calculated and provide a full accounting of its alleged damages in this matter. Aspen further notified PCF that if

---

[1]     Following the deposition, and from subsequent conversations with PCF's counsel, Aspen also learned that PCF's document production in this matter in response to Aspen's discovery requests was deficient. At present, Aspen is working with PCF to resolve the deficiencies in PCF's document production without the need for Court intervention. However, in the event PCF fails to provide the documents, Aspen expressly reserves the right to file a motion to compel PCF to provide complete disclosures, and nothing herein shall be construed as a waiver or limitation of Aspen's right to do so.

PCF did not provide such a supplemental interrogatory answer, Aspen could be forced to take an additional deposition of PCF's corporate representative. A true and correct copy of the good faith correspondence is attached hereto as Exhibit "C".

7. Counsel for Aspen also spoke by telephone with counsel for PCF regarding the good faith correspondence and the request for a supplemental interrogatory answer or, alternatively, supplemental deposition testimony.

8. Finally, the parties filed a Joint Motion to Extend the Discovery Deadline [ECF No. 39], which is currently pending, requesting that the Court extend the discovery deadline to July 11, 2023, in this matter, in part to allow PCF additional time to supplement its discovery responses.

9. Despite Aspen's good faith efforts to resolve this issue, to date, PCF has not provided a supplemental interrogatory answer or agreed to allow Aspen to take supplemental deposition testimony from its corporate representative.

10. However, PCF did provide, on July 3, 2023, an accounting of its alleged damages that differs materially from PCF's prior statements regarding its alleged damages. Notably, PCF's accounting spreadsheet includes transactions never previously identified by PCF that PCF is now apparently claiming are part of its alleged damages. No information regarding these transactions was ever provided to Aspen prior to or during the deposition of PCF's corporate representative.

11. PCF's failure to cure the deficiencies in its deposition testimony, and its production of a previously undisclosed and materially different accounting of its alleged damages, have left Aspen with no choice but to file the instant Motion and ask the Court to allow Aspen to take additional deposition testimony from PCF.

12. Good cause exists to grant the relief sought herein. Aspen will be prejudiced if it is denied the opportunity to take additional deposition testimony to inquire as to the information

PCF's representative failed to provide at the first deposition regarding PCF's damages, and as to PCF's materially changed accounting of its alleged damages.

13. Moreover, this Motion is not brought to delay this matter, is filed in good faith, and no party will suffer any prejudice from the relief requested.

14. Therefore, Aspen respectfully requests that the Court enter an order granting Aspen leave to take supplemental deposition testimony from PCF's corporate representative.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) … if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Upon a showing of good cause, a court should allow a party to take additional deposition testimony. *See, e.g.*, *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 2609394, at *3 (M.D. Fla. June 27, 2010).

WHEREFORE, Defendant, Aspen American Insurance Company, respectfully request that the Court enter an Order: (a) granting the instant Motion; (b) allowing Aspen leave to take a supplemental corporate representative deposition of Plaintiff, on or before August 1, 2023; and, (c) granting such further relief as the Court deems just and proper.

Dated:  July 6, 2023.

## GOOD FAITH CERTIFICATE PURSUANT TO LOCAL RULE 7.1(3)

I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion and has been unable to do so. In addition to the efforts described above in the Motion, counsel for Aspen reached out to opposing counsel via email on July 5, 2023, and attempted to

contact opposing counsel by telephone on July 6, 2023, both in an effort to resolve the issues raised in the Motion, to no avail.

Respectfully submitted,

**GURLEY & ASSOCIATES**

/s/    Michael A. Fant
David E. Gurley (Fla. Bar No.: 0402214)
dgurley@gurleyassociates.com
Michael A. Fant (Fla Bar No.: 0100713)
mfant@gurleyassociates.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyassociates.com
*Counsel for Defendant, Aspen American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**GURLEY & ASSOCIATES**

/s/    Michael A. Fant
David E. Gurley (Fla. Bar No.: 0402214)
dgurley@gurleyassociates.com
Michael A. Fant (Fla Bar No.: 0100713)
mfant@gurleyassociates.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyassociates.com
*Counsel for Defendant, Aspen American Insurance Company*