IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PAYCARGO FINANCE LP,**

**Plaintiff,**

v.  Case No. 1:22-cv-22707

**ASPEN AMERICAN INSURANCE COMPANY,**

       **Defendant,**

**BAY MARITIMES INC.,**

**Nominal Defendant.**

_____/

<u>**DEFENDANT, ASPEN AMERICAN INSURANCE COMPANY'S
RULE 30(b)(6) AMENDED NOTICE OF TAKING DEPOSITION
OF PLAINTIFF, PAYCARGO FINANCE LP**
**(Amended as to Date and Time)**</u>

    **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant, Aspen American Insurance Company ("Aspen"), will take the deposition of Plaintiff, PayCargo Finance LP, through one or more of its officers, directors, agents, or other representatives who shall be designated to testify on Plaintiff's behalf regarding all information known or reasonably available to Plaintiff with respect to the subject matters identified in **Exhibit "A"** hereto. The deposition will commence at **10:00 a.m.** on **June 8, 2023**, at the offices of Xander Law Group, P.A., 1 NE 2nd Avenue # 200, Miami, Florida 33132, via videoconference, upon oral examination and stenographic means before a court reporter or any other Notary Public authorized by law to administer depositions, and may be used as testimony at the trial and otherwise in this action.

    The deposition will continue from day to day until completed and may be recorded by video. Aspen requests that at a reasonable time before the deposition, Plaintiff designate one or

more individuals to testify on Plaintiff's behalf and notify the undersigned counsel and all other parties of the names of the designated individual or individuals, each one's position with or relationship to Plaintiff, and the matters on which each will testify. The witness(es) is/are instructed to prepare to testify as to the areas of testimony set forth below in **Exhibit "A"** hereto, and to bring any documents used to prepare for the deposition or which refreshed the witness's or witnesses' recollection. Pursuant to Rule 30(b)(6), counsel for Aspen will make arrangements to confer with counsel for Plaintiff regarding the topics set forth in **Exhibit "A"** within a reasonable time after service of this Notice.

Dated: May 22, 2023

**GURLEY ◆ FANT**

/s/ *David E. Gurley*
David E. Gurley
(Fla. Bar No.: 0402214)
dgurley@gurleyfant.com
Michael A. Fant
(Fla. Bar No.: 0100713)
mfant@gurleyfant.com
Christopher C. Fiore
(Fla. Bar No.: 1015669)
cfiore@gurleyfant.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyassociates.com
*Attorneys for Defendant,*
*Aspen American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, a copy of the foregoing was served via electronic and First-Class mail upon all counsel of record.

**GURLEY ♦ FANT**

/s/   *David E. Gurley*

# EXHIBIT "A"

## DEFINITIONS

1. "You", "your", and "PayCargo Finance" means the Plaintiff, PayCargo Finance LP, and any employee, agent or attorney of PayCargo Finance, and any other person acting for, or on behalf of PayCargo Finance, or under PayCargo Finance's authority or control.

2. "Aspen" means the Defendant, Aspen American Insurance Company, and any employee, agent, or attorney of Aspen, and any other person acting for or on behalf of Aspen, or under Aspen's authority or control.

3. "Bay Maritimes" means the Nominal Defendant, Bay Maritimes, Inc., and any employee, agent, or attorney of Bay Maritimes, and any other person acting for or on behalf of Bay Maritimes, or under Bay Maritimes' authority or control.

4. "Indemnitors" means Muhammad Kamran Mirza and Samina Kamran, individually and/or collectively, and any employee, agent, or attorney of Indemnitors, and any other person acting for or on behalf of Indemnitors, or under Indemnitors' authority or control.

5. "Bond" means the alleged maritime bond referenced in the Complaint filed by PayCargo Finance in this matter ("Complaint").

6. "NVOCC" means non-vessel-operating common carrier as defined in 46 U.S.C. § 40102(17).

7. "Credit Agreement" means the agreement between PayCargo Finance and Bay Maritimes alleged in the Complaint, an alleged copy of which is attached to the Complaint as Exhibit "A".

8. "Transactions" means any and all transactions between PayCargo Finance and Bay Maritimes related to the Credit Agreement.

9. "Bond Claim" means the alleged claim made by PayCargo Finance under the Bond as referenced in the Complaint.

10. "State Court Action" means the state court action against Bay Maritimes referenced in the Complaint.

11. "Document" or "Documents" shall mean any writing, record, graphic, electronic, or computerized matter, or any other means of preserving thought, expression, or recording information or events and all tangible things from which information can be processed or transcribed of any type or description within your possession, custody or control, or known to you, wherever located, whether printed, recorded, filmed, or reproduced by any other mechanical or electrical process, or written or produced by hand, and whether or not claimed to be privileged against discovery on any ground, and whether an original, master or copy, including any non-identical copy whether by reason of any notation made on such copy or otherwise whether produced internally or received from some other source, including, without limitation, the following: papers; agreements; contracts; communications; correspondence; letters; calendars; appointment books; time sheets; logs; minute books; reports; cablegrams; radiograms and telegrams; teletypes; telefax; messages; notes and memoranda; notations; summaries; notes, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; notes, summaries and records of personal conversations or interviews; books, manuals, publications and diaries; licenses; license applications; permits; permit applications; analyses; proposals; suggestions; statistical records; notebooks; laboratory and engineering reports and notebooks; charts, graphs, and plans; specifications; architectural plans; blueprints; surveys; bids; estimates; job or transaction files; schedules; instructions; work assignments; sketches and drawings; photographs, whether still or

motion; recordings, whether audio or visual; computer tapes or printouts; objects; reports and summaries of investigations; studies; statements; opinions and reports of consultants; credit reports; sales records, including purchase orders and invoices; worksheets; financial statements; ledgers; books of account; check stubs; cancelled checks; vouchers; records of interbank transfers of funds; drafts; charge slips; freight bills; bills of lading; receipts; checks; reports and summaries of negotiations; brochures; pamphlets; catalogs and catalog sheets; advertisements; magazine, newspaper, internet, or other articles or treatises; bulletins; circulars; trade letters; press, publicity, and trade releases; drafts or originals or preliminary notes on, and marginal comments appearing on, any document; prospectuses; transcripts; legal pleadings; deeds; mortgages; bills of sale; security agreements; legal documents; working papers or drafts; affidavits; notices; chronological or statistical data; other reports and records; graphic or manual records or representations of any kind, such as, but not limited to, microfiche, microfilm and videotape records; electronic mail; electronic, computerized, mechanical or electric records, materials, or representations of any kind, such as, but not limited to, tapes, cassettes, diskettes, discs, CD-ROMs, DVDs, and recordings; and any other retrievable data, whether encoded, taped, or coded electrostatically, electromagnetically or otherwise.

12.   The term "Communication" shall mean any transmission, exchange, or making known of information or thoughts by oral, written, pictorial, models, media, diskettes, or any other means, including but not limited to personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include any means or conveying a message from one or more persons to one or more persons, including electronic mail and shall be given the broadest possible interpretation.

13. The term "Person" shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, consortium, joint venture, commercial entity, firm, other business enterprise or entity, group of natural persons, United States government, state, county, municipality, commission, specific or special district, or any other subdivision of the federal, state, or local government, or other entity.

14. The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

15. The terms "relate(s)," "refer(s)," "regarding," "relating to," or "concerning" shall mean relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly or indirectly, in whole or in part, the subject matter of the particular deposition topic.

16. The terms "and" and "or" shall mean and/or.

17. The terms "all" and "each" shall be construed as all and each.

18. The term "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The nature of PayCargo Finance's business.

2. PayCargo Finance's relationship with Bay Maritimes and Indemnitors.

3. The Credit Agreement, any Documents in your possession, custody, or control related to the Credit Agreement, and any non-privileged Communications between you and another Person related to the Credit Agreement.

4. The Transactions, any Documents in your possession, custody, or control related to the Transactions, and any non-privileged Communications between you and another Person related to the Transactions.

5. PayCargo Finance's role in the Transactions, any Documents in your possession, custody, or control related thereto, and any non-privileged Communications between you and another Person related thereto.

6. Bay Maritimes' role in the Transactions, any Documents in your possession, custody, or control related thereto, and any non-privileged Communications between you and another Person related thereto.

7. Bay Maritimes' alleged default under the Credit Agreement, any Documents in your possession, custody, or control related to the alleged default, and any non-privileged Communications between you and another Person related to the alleged default.

8. Any payments made by Bay Maritimes to PayCargo Finance related to the Credit Agreement or the alleged default thereunder, any Documents in your possession, custody, or control related thereto, and any non-privileged Communications between you and another Person related thereto.

9. The State Court Action, any Documents in your possession, custody, or control related to the State Court Action, and any non-privileged Communications between you and another Person related to the State Court Action.

10. The Bond, any Documents in your possession, custody, or control related to the Bond, and any non-privileged Communications between you and another Person related to the Bond.

11. The Bond Claim, any Documents in your possession, custody, or control related to the Bond Claim, and any non-privileged Communications between you and another Person related to the Bond Claim.

12. The definition of an NVOCC.

13. The scope of the Bond.

14. The alleged damages sought by PayCargo Finance in this matter including how the alleged damages amount was calculated.

15. The allegations in the Complaint.

16. PayCargo Finance's Initial Disclosures served in this matter.

17. PayCargo Finance's answers to any interrogatories served in this matter.

18. PayCargo Finance's answers to any requests for admission served in this matter.

19. PayCargo Finance's responses to any requests for production served in this matter including any Documents produced in response thereto.