David E. Gurley [1◆]
Michael A. Fant Jr. [2*]
Alex L. Gurley
Christopher C. Fiore
Kaitlyn E. Sibson

*Of Counsel:*
Alfredo Fernandez-Martinez [3◆]
(Admitted In Puerto Rico Only)
Clayton C. Cannon [1**]
(Admitted In Texas Only)



ATTORNEYS AND COUNSELORS AT LAW

*Additional Jurisdictions:*
[1] Texas
[2] Alabama
[3] Commonwealth of Puerto Rico
◆ U.S. District Court for the District of Puerto Rico
\*    \*\*




June 13, 2023

**<u>Via Electronic Mail</u>**
PayCargo Finance LP
c/o Marcus Tan, Esq., Wayne Atkins, Esq.,
and Jose Teurbe-Tolon, Esq.
XANDER LAW GROUP, P.A.
1 NE 2nd Ave., Suite 200
Miami, Florida 33132
marcus@xanderlaw.com
wayne@xanderlaw.com
jose@xanderlaw.com

      Re:    Case No. 1:22-cv-22707-KMW, *PayCargo Finance LP v. Aspen American Insurance Company, et al.*: Request for PayCargo Finance LP ("PCF") to provide documents and information following corporate representative deposition.

Dear Marcus, Wayne, and Jose:

      As you know, this firm represents Aspen American Insurance Company ("Aspen") with respect to the above-referenced matter. I am following up from the PCF corporate representative deposition of June 8, 2023, regarding the documents that PCF has access to from PayCargo, but has not produced. Specifically, I am referring to:

- The documentation submitted by Bay Maritimes, Inc. ("Bay Maritimes") on the PayCargo system for the transactions between PCF and Bay Maritimes that allegedly form the basis for the principal amount of the state court judgment ($142,815.29) ("Transactions"). PCF's representative testified that Bay Maritimes was to submit backup documentation on the PayCargo system for each Transaction; however, for most of the Transactions, no such documentation has been provided to Aspen.

- The non-privileged/protected documents showing PCF's accounting of its alleged damages, which Aspen has not received.

- Any additional documents that are part of the "Credit Agreement" attached to the Complaint. Please confirm if the Credit Agreement is complete, or if there is/are additional document(s) that form part of the relationship between PCF and Bay Maritimes.

- Any additional documents related to the Transactions that have not been produced. PCF's representative testified that PCF only produced the documents PCF thought were

"relevant". PCF's judgment on relevance is not sufficient to provide Aspen with the information that it requires to fairly assess PCF's alleged damages and claims.

Please provide the documents requested, or confirmation that all such documents in PCF's possession, custody, or control, or otherwise accessible to PCF, have been produced, no later than June 19, 2023.

At the deposition, PCF's representative was also unable to provide testimony regarding PCF's alleged damages and stated that "the accounting department" would know more. We may need to take an additional corporate representative deposition from PCF; however, we may be able to avoid it if PCF will provide a full response to Aspen's Interrogatory No. 13 that explains, by transaction, what is included in the $142,815.29 that is the principal amount of the state court judgment, the accounting for the payments made by or for the benefit of Bay Maritimes that allegedly result in that net number, and an accounting of any additional damages that PCF is claiming in this matter. Of course, Aspen will need the supporting documentation as well.

Please give me a call if it would be helpful or if you have any questions. We have a short time to potentially resolve this without needing to go to the Court so your time and attention is greatly appreciated. Aspen reserves all rights, remedies, claims, and defenses that are or may become available to it, and nothing herein shall be construed as a waiver or limitation of Aspen's rights, remedies, claims, or defenses.

Very truly yours,

**GURLEY ⋄ FANT**

_____
Christopher C. Fiore, Esq.