IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PAYCARGO FINANCE LP,**

      **Plaintiff,**

v.                                           Case No. 1:22-cv-22707

**ASPEN AMERICAN INSURANCE COMPANY,**

      **Defendant,**

**BAY MARITIMES INC.,**

      **Nominal Defendant.**

_____/

### DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S WITNESS FROM TESTIFYING AT TRIAL AND INCORPORATED MEMORANDUM OF LAW

Defendant, Aspen American Insurance Company ("Aspen"), pursuant to Federal Rules of Civil Procedure 30(b)(6) and 37, hereby files this, its Motion to Exclude Plaintiff's Witness from Testifying at Trial and Incorporated Memorandum of Law ("Motion"), and states:

1. On May 22, 2023, Aspen noticed the deposition of Plaintiff, PayCargo Finance LP ("PCF") pursuant to Federal Rule of Civil Procedure 30(b)(6) ("First Deposition"). A true and correct copy of the notice for the First Deposition is attached hereto as **Exhibit "A"**.

2. In the notice, Aspen identified deposition topics related to, among other things, PCF's alleged damages accounting.[1] *See id.* at 7-9 (identifying deposition topics, in pertinent part, as:

- PCF's relationship with Nominal Defendant, Bay Maritimes, Inc. ("Bay Maritimes");

- PCF's transactions with Bay Maritimes related to the Credit Agreement

---
[1] PCF did not object to the deposition topics Aspen identified.

      between PCF and Bay Maritimes;

- "Any payments made by Bay Maritimes to [PCF] related to the Credit Agreement or the alleged default thereunder";

- The State Court Action filed by PCF against Bay Maritimes;

- PCF's alleged claim against the Bond; and,

- "[t]he alleged damages sought by [PCF] in this matter including how the alleged damages amount was calculated.").

3. PCF designated its chief executive officer, Mr. Philip Philliou, as its corporate representative. As such, Mr. Philliou was required to be prepared to testify regarding all the deposition topics identified by Aspen. Nevertheless, at the First Deposition, Mr. Philliou was unable to testify fully regarding certain topics including, without limitation, those related to PCF's alleged damages accounting.

4. With leave of Court, on July 19, 2023, Aspen noticed a supplemental deposition of PCF's corporate representative under Rule 30(b)(6) ("Second Deposition"). A true and correct copy of the deposition notice for the Second Deposition is attached hereto as **Exhibit "B"**.

5. As it had for the First Deposition, Aspen identified deposition topics including, without limitation, related to PCF's alleged damages accounting, and PCF did not object to Aspen's topics. *See id.* Mr. Philliou was again the only individual PCF designated to testify as its corporate representative on all topics, and he was again unable to answer certain questions about PCF's alleged damages accounting. *See, e.g.*, Deposition of PCF, Vol. II (ECF No. 48-5), page 128:21-25, 142:9-13, 143:4-14; *cf.* page 107:7-8 ("To prepare for today the only thing I did was read my deposition transcript from June.").

6. PCF twice presented Mr. Philliou as the only representative designated to testify regarding all of Aspen's noticed topics including PCF's alleged damages accounting.

Notwithstanding that, in its proposed trial witness list, which Aspen first received on September 17, 2023, PCF now seeks to present testimony at trial on these topics from a different PCF employee, Ms. Amrita Ganguly. *See* PCF's Witness List (ECF No. 62-1) (identifying Ms. Ganguly as a "PCF Commercial Director" who "may testify to accounting matters").

7. Rule 30(b)(6) requires a corporate entity to designate the representative or representatives who are able to "testify about [the] information known or reasonably available to the organization."

8. PCF is bound by the testimony of its designated corporate representative, Mr. Philliou. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV LENARD/O'SULLIVAN, 2021 WL 4990902, at *2 (S.D. Fla. Aug. 20, 2021) ("The deposition testimony of a Rule 30(b)(6) corporate representative is binding on the corporation."). In both depositions, Mr. Philliou was unable to provide complete testimony regarding PCF's alleged damages accounting.

9. PCF chose, twice, not to designate Ms. Ganguly as a corporate representative on any topic, and chose, twice, not to educate Mr. Philliou regarding her apparent knowledge so that he could provide complete testimony. *See* Deposition of PCF, Vol. II (ECF No. 48-5), page 107:7-8.

10. Ms. Ganguly's testimony at trial could only serve to improperly and prejudicially change or supplement PCF's prior testimony, which binds PCF and on which Aspen is entitled to rely. To allow PCF to change or supplement its prior testimony at trial through Ms. Ganguly would unduly prejudice Aspen, and this Court should exercise its discretion to prohibit PCF from calling Ms. Ganguly as a witness at trial to testify as to any Rule 30(b)(6) topics noticed by Aspen including, without limitation, those pertaining to PCF's alleged damages accounting.

## **INCORPORATED MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 30(b)(6) provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. ***The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf***; and it may set out the matters on which each person designated will testify. . . ***The persons designated must testify about information known or reasonably available to the organization***.

(Emphasis added).

A corporate entity is bound by the testimony of its designated corporate representative at a Rule 30(b)(6) deposition. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV LENARD/O'SULLIVAN, 2021 WL 4990902, at *2 (S.D. Fla. Aug. 20, 2021) ("The deposition testimony of a Rule 30(b)(6) corporate representative is binding on the corporation.") (citations omitted). Accordingly, courts have recognized that when a corporate representative is unable to provide complete testimony regarding a properly noticed deposition topic, the corporate entity cannot subsequently introduce contrary or additional testimony on the topic at trial. *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) ("[A] corporation which provides a 30(b)(6) designee who testifies that the corporation does not know the answers to the questions 'will not be allowed effectively to change its answer by introducing evidence at trial. [This rule] prevents sandbagging and prevents [the] corporation from making a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial.") (internal citations and quotation marks omitted); *Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 93-96 (D. D.C. 1998) (finding that corporate entity could not introduce new evidence from former employee on subject that was properly noticed for Rule 30(b)(6) deposition and noting "Rule 30(b)(6) [precludes a corporate entity] from adducing . . . a theory of the facts that differs

from that articulated by the designated representatives [of the entity]. . . . Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition") (internal citations omitted); *see also Wright v. Cleveland Clinic Fla.*, No. 21-60309-CIV-DIMITROULEAS/SNOW, 2021 WL 8566739, at *3-4 (S.D. Fla. Oct. 12, 2021) (finding that, where designated corporate representative could not or would not answer certain questions regarding properly noticed deposition topics, corporate entity was barred from "later provid[ing] testimony [on the topics] which is contrary or in addition [to]" the deposition testimony of the corporate representative).

Moreover, when there is an employee who has additional knowledge as to a deposition topic, the corporate entity cannot omit what the employee knows at a deposition and then later seek to introduce what the employee knows at trial. *See Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268-69 (2d Cir. 1999) (holding that, where corporate entity's designated corporate representative had limited knowledge regarding deposition topic, trial court properly excluded testimony at trial of additional employees who were more "knowledgeable" regarding same topic); *cf. Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) ("Rule 30(b)(6) . . . places the burden of identifying responsive witnesses for a corporation on the corporation . . . . When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.").

Here, after PCF's corporate representative was twice deposed regarding properly noticed topics, PCF is now attempting to introduce new evidence pertaining to these topics through Ms.

Ganguly, another one of its employees who, according to PCF, has additional knowledge regarding these topics. PCF could (and apparently should) have designated Ms. Ganguly as one of its corporate representatives at either the First or Second Deposition, but it did not. *See QBE*, 277 F.R.D. at 690 ("If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant questions on listed subjects, then the responding corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents.") (citation omitted). Therefore, PCF should be prohibited from introducing Ms. Ganguly's testimony at trial on any Rule 30(b)(6) topics noticed by Aspen.

WHEREFORE, for the foregoing reasons, Defendant, Aspen American Insurance Company, respectfully requests that the Court: (a) grant the instant Motion; (b) exclude Plaintiff's witness from testifying at trial; and, (c) award any such further relief as the Court deems just and proper.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

I hereby certify that counsel for the movant attempted to confer with counsel for Plaintiff on September 22, 2023, and conferred with counsel for Plaintiff on September 25, 2023, in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

Dated: September 26, 2023.

Respectfully submitted,

**GURLEY ◆ FANT**

/s/ *David E. Gurley*
David E. Gurley
(Fla. Bar No.: 0402214)
dgurley@gurleyfant.com
Michael A. Fant
(Fla. Bar No.: 0100713)
mfant@gurleyfant.com
Christopher C. Fiore

Page **6** of **7**

(Fla. Bar No.: 1015669)<br>
cfiore@gurleyfant.com<br>
601 South Osprey Avenue<br>
Sarasota, FL  34236<br>
Telephone: (941) 365-4501<br>
Facsimile: (941) 365-2916<br>
eservice@gurleyfant.com<br>
*Attorneys for Defendant*<br>
*Aspen American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    /s/ *David E. Gurley*