IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PAYCARGO FINANCE LP,**

    **Plaintiff,**

v.                                          Case No. 1:22-cv-22707

**ASPEN AMERICAN INSURANCE COMPANY,**

    **Defendant,**

**BAY MARITIMES INC.,**

    **Nominal Defendant.**

_____/

**DEFENDANT ASPEN AMERICAN INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Aspen American Insurance Company ("Aspen"), hereby files its Answer and Affirmative Defenses to the Complaint [ECF No. 1] filed by Plaintiff, PayCargo Finance LP ("PCF"), and states:

**PARTIES, JURISDICTION, AND VENUE**

1. Without knowledge, therefore denied.

2. Admitted.

3. Admitted.

4. Admitted for jurisdictional purposes only. Otherwise, denied.

5. Admitted that venue is proper in the United States District Court for the Southern District of Florida. Otherwise, denied.

6. Admitted that PCF provides financing in connection with the PayCargo System. Otherwise, denied.

7. Denied.

8. Admitted that Bay Maritimes entered into a Credit Agreement with PCF, and that portions of the Credit Agreement appear to be attached to the Complaint as Exhibit "A". Otherwise, denied.

9. Denied.

10. Denied.

11. Admitted that PCF filed suit in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida to recover monies Bay Maritimes owed PCF under the Credit Agreement. Otherwise, denied.

12. Admitted.

13. Admitted that at one time, Bay Maritimes held a Non-Vessel Operating Common Carrier ("NVOCC") license from the Federal Maritime Commission ("FMC"). Otherwise, denied.

14. Admitted that an NVOCC is a form of "ocean transportation intermediary" and that an NVOCC is defined by federal law as a common carrier that is a shipper in its relationship with an ocean common carrier. Otherwise, denied.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, denied.

16. Admitted that Aspen issued FMC Bond Number SU63030 naming Bay Maritimes as principal ("Bond") [*See* ECF No. 48-2]. Otherwise, denied.

17. Admitted that PCF submitted an alleged claim against the Bond in June of 2021 that was subsequently renewed, and that Aspen properly denied the alleged claim because, without limitation, the Bond does not cover the alleged claim. Otherwise, denied.

18. Denied.

19. Without knowledge, therefore denied.

20. Denied.

## COUNT I
## BREACH OF CONTRACT

21. Aspen re-alleges its responses to Paragraphs 1 through 20 above as if fully set forth herein.

22. Admitted that Aspen issued the Bond, which names Bay Maritimes as principal. Otherwise, denied.

23. Without knowledge, therefore denied.

24. The Bond speaks for itself and is the best evidence of its terms. Except as expressly stated in the Bond, denied.

25. Denied.

26. Denied.

27. Denied.

28. Paragraph 28 is not directed to Aspen; therefore, no response is required. To the extent a response is required, admitted that the Bond names Bay Maritimes as principal and that the Complaint identifies Bay Maritimes as a nominal defendant. Otherwise, denied.

Aspen denies that PCF is entitled to any of the relief sought in Count I including, without limitation, as stated in the unnumbered paragraph following Paragraph 28 of the Complaint. Aspen demands judgment in its favor on Count I including, without limitation, its taxable costs.

Except where expressly admitted herein, Aspen denies each and every material allegation of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As its first affirmative defense, Aspen asserts the affirmative defense of failure to state a cause of action upon which relief may be granted included, without limitation, because PCF has no cognizable claim for breach of contract against Aspen.

### SECOND AFFIRMATIVE DEFENSE

As its second affirmative defense, Aspen asserts the affirmative defense of lack of obligation including, without limitation, because Aspen has no legal or equitable obligation to PCF.

### THIRD AFFIRMATIVE DEFENSE

As its third affirmative defense, Aspen asserts the affirmative defense of setoff. To the extent PCF has received payments toward the balance of its alleged claim, Aspen is entitled to a setoff of these payments against any recovery from Aspen for the damages alleged in this matter.

### FOURTH AFFIRMATIVE DEFENSE

As its fourth affirmative defense, Aspen asserts the affirmative defense of express contractual limitation of liability. Aspen's liability in this matter, if any, is expressly limited by the penal sum of the Bond as well as the other terms, exclusions, and limitations of the Bond.

### FIFTH AFFIRMATIVE DEFENSE

As its fifth affirmative defense, Aspen asserts the affirmative defense of failure to mitigate damages. PCF's alleged claim is barred, in whole or in part, and Aspen is entitled to a reduction of any recovery from Aspen for PCF's alleged damages to the extent they are attributable to any failure to mitigate.

Aspen specifically reserves its rights to supplement, modify, and amend its Answer and Affirmative Defenses.

DATED:  September 28, 2023

                                      Respectfully submitted,

                                      **GURLEY ◆ FANT**

/s/  *David E. Gurley*
David E. Gurley
(Fla. Bar No.: 0402214)
dgurley@gurleyfant.com
Michael A. Fant
(Fla. Bar No.: 0100713)
mfant@gurleyfant.com
Christopher C. Fiore
(Fla. Bar No.: 1015669)
cfiore@gurleyfant.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyfant.com

*Attorneys for Defendant, Aspen American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/ *David E. Gurley*