**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PAYCARGO FINANCE LP,

      CASE NO.: 1:22-cv-22707-KMW

    Plaintiff,

v.

ASPEN AMERICAN INSURANCE COMPANY,

    Defendant,

and

BAY MARITIMES INC.,

    Nominal Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE WITNESS FROM TESTIFYING IN TRIAL AND INCORPORATED MEMORANDUM OF LAW [ECF 65]**

Plaintiff PAYCARGO FINANCE, LP ("Plaintiff"), by and through the undersigned counsel, hereby files its Response in Opposition to Defendant Aspen American Insurance Company's ("Defendant") Motion to Exclude Witness from Testifying at Trial and Incorporated Memorandum of Law [ECF 65](hereinafter, the "Motion"), and in support thereof, states as follows:

**ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

**I.   DEFENDANT'S MOTION IS UNTIMELY TO THE EXTENT THAT IT WAS FILED AFTER THE DEADLINE FOR THE FILING OF MOTIONS *IN LIMINE* AND DISCOVERY RELATED MOTIONS HAD ELAPSED**

In the instant case, the Court's Scheduling Order further provided that the "Parties shall each file one motion *in limine* in accordance with Section IV below. All motions *in limine* must

1

be filed at least six weeks before calendar call." The deadline for filing any motion(s) *in limine*, pursuant to this Court's Scheduling Order of December 6, 2022 [D.E. 22], was August 28, 2023. Defendant filed its Motion on September 26, 2023. While Defendant did not title its Motion as a motion *in limine*, an examination of the plain language and the substance thereof demonstrates that the Motion is in fact a *motion in limine*, as it affirmatively seeks the exclusion of specific evidence or arguments from being presented at trial.

Notwithstanding the aforesaid misnomer with respect to the title of the Motion, the Court must deny same on procedural grounds, as Defendant has had ample time to file its Motion within the timeframe prescribed by the Court's Scheduling Order, yet made no effort to do so; nor did Defendant make any effort to extend the deadlines provided in the Scheduling Order, either by stipulation of the parties to this litigation or by court order, as provided in Fed. R. Civ. P. 6.

Separate and apart from the Motion having been filed after the expiration of the deadline for the filing of motions *in limine*, said Motion was also filed beyond the expiration of the discovery cutoff deadline, which elapsed on May 10, 2023, and as such, to the extent that the Motion addresses issues pertinent to discovery, said Motion is untimely and should be denied. The Southern District of Florida Local Rules impose the obligation on the parties to submit any discovery dispute to the Court by service of a motion (or, if the judge prohibits discovery motions, in accordance with the assigned judge's discovery procedures) within (28) days of the date when the issue was first raised with the opposing party. In the instant case, Defendant filed their Motion within days of first raising the issue to Plaintiff, and as such, the Motion must be denied.

**II.    DEFENDANT'S FAILURE TO ADEQUATELY MEET AND CONFER IN GOOD FAITH PRIOR TO THE FILING OF THE MOTION WARRANTS DENIAL OF SAME**

Defendant's efforts to confer with respect to the underlying merits of the Motion, and wholesale failure to adjudicate their resolution through mutual agreement, or alternatively to facilitate a narrowing of the issues between the parties, provide separate bases for the denial of same. Southern District of Florida Local Rule 7.1 provides, in relevant part, the following:

(3) *Pre-filing Conferences Required of Counsel.*

**Prior to filing any motion in a civil case**… counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that **counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so**; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so…**Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee**… (emphasis added).

While Defendant here did in fact confer with Plaintiff's counsel telephonically with respect to the their intent to file the instant Motion, in a subsequent email communication on September 25, 2023, prior to the date of the filing of the Motion, Plaintiff articulated its position that the exclusion of Ganguly, sought in Defendant's Motion, was obviated and/or precluded by the fact that both Ganguly and the nature of her knowledge with respect to the allegations of the underlying pleadings was disclosed to the Defendant as part of their Rule 26 disclosures, and a copy of the disclosures that were originally made on November 27, 2022 were attached to the e-mail. See

email of September 25, 2023 attached hereto as Exhibit "**A**" and Plaintiff's Initial Disclosures attached hereto as Exhibit **"B".**

Defendant did not respond to this communication, nor does its Motion address the fact that Ganguly had previously been disclosed by the Plaintiff. Under these circumstances, it cannot be said that the Defendant acted in good faith to resolve, or at the very least, narrow the issues presented by the Motion prior to its filing; thus warranting denial of same and obligating the Defendant to pay the amount of the reasonable expenses and attorney's fees incurred as a result of their failure to adequately and in good faith confer prior to the filing of the motion. *See e.g. QBE Ins. Corp. v. Jorda Enterprises, Inc*., No. 10-21107-CIV, 2012 WL 913248, at *2 (S.D. Fla. Mar. 16, 2012) (Denying motion to exclude expert testimony for failure to comply with Local Rule 7.1).

**III.    <u>ASSUMING ARGUENDO THAT DEFENDANT'S MOTION IS NOT PROCEDURALLY UNTIMELY, WHICH IT IS, SAID MOTION SHOULD NONETHELESS BE DISMISSED ON ITS MERITS</u>**

Fed. Civ. P. R. 26, provides in relevant part, the following:

a) Required Disclosures.

> (1) *Initial Disclosure.*
>
> > (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> >
> > > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> > >
> > > (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> > >
> > > \*\*\*

>> (C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Separate from, but related to the foregoing, Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell*, 318 F. App'x at 824. The Court, pursuant to its Scheduling Order, fixed a deadline of December 15, 2022, for the parties to furnish their Rule 26 Disclosures in this matter, and Ganguly was in fact identified in Plaintiff's disclosures on November 27, 2022.

In this case, no failure to disclose any witness occurred and no sanction of any kind, particularly the exclusion of a timely identified witness, is warranted. Plaintiff here did in fact identify Ganguly in its timely Rule 26 disclosures, as the "Commercial Finance Director for PayCargo Finance, L.P. She may have knowledge about how Bay Maritimes, Inc. used the funds advanced by PayCargo Finance, L.P., the returned payments, and PayCargo Finance, L.P.'s efforts to collect on those returned payments." Despite having been noticed as an individual with knowledge germane to some of the areas of inquiry relevant to their defense of the suit, Defendant categorically failed to make any effort whatsoever to depose Ganguly to obtain the information that it seeks. Under these circumstances, the Court should not entertain the notion of sanctioning Plaintiff for Defendant's inaction in carrying out its own obligations during discovery.

The Defendant's Motion is built upon the flawed premise that the substance of the deposition testimony given by Philip Philliou ("Philliou"), demonstrates that he was unable to fully testify to certain of the areas of inquiry provided in its Rule 30(b)(6) Notice of Taking of Deposition, and that allowing Ganguly's testimony to certain of these areas of inquiry, to wit, the Plaintiff's accounting of its damages, would prejudice the Defendant at trial[1]. Contrary to the Defendant's assertions otherwise, a reading of the deposition transcripts for both the initial and continued depositions of Plaintiff, through its corporate representative establish that, Plaintiff, through Philliou, did provide sufficient information through their testimony to address Defendant's line of inquiry into the way that the Plaintiff's damages were calculated, based upon his prior review of the information reasonably available to him.

It appears that Defendant takes issue with Ganguly being allowed to testify at trial based upon the belief, implied in its Motion, that because Philliou, testifying on Plaintiff's behalf, does not possess the "most knowledge," "exclusive knowledge" or "superior knowledge" with respect to how the information contained in Plaintiff's accounting of the balances owed Plaintiff by Defendant's principal, Nominal Defendant, Bay Maritimes, Inc. (the "Principal") was compiled, prepared and/or calculated, that allowing Ganguly to testify at trial as to those issues would be prejudicial to it. However, Fed. R. Civ P. 30 does not expressly or impliedly require the corporation or entity to produce the "person most knowledgeable" for the corporate deposition. Further, the witness/designee need not have any personal knowledge, so the premise that the representative provided to testify on behalf of the corporation be the "*most* knowledgeable" is illogical and mistaken. *See, e.g.*, *PPM Fin., Inc. v. Norandal USA, Inc.,* 392 F.3d 889, 894–95 (7th

---

[1] It is worth noting that Defendant's Motion wholly fails to articulate with any specificity precisely how it would be prejudiced by Ganguly's testimony at trial. Accordingly, Defendant's claims of prejudice are, at best, categorical, generalized and/or theoretical.

Cir.2004) (rejecting argument that trial court should not have credited the testimony of a witness who lacked personal knowledge because the witness was a 30(b)(6) witness and "was free to testify to matters outside his personal knowledge as long as they were within the corporate rubric").

Assuming arguendo that Defendant's Motion should not be denied as untimely, which Plaintiff contends that it is, the Motion must still be denied on its merits, because there is no requirement in the rules of procedure that for the purpose of the corporate representative deposition, that the individual designated as corporate representative must possess exclusive and/or superior knowledge as to said topic and/or subtopic. To the extent that the Defendant sought to obtain additional information through discovery with respect to how the information contained in Plaintiff's accounting of the balances owed Plaintiff by Defendant's principal, Nominal Defendant, Bay Maritimes, Inc. (the "Principal") was compiled, prepared and/or calculated, Defendant should have developed such information by deposing Ganguly, elicited the information through discovery requests or compelling the information, if it felt there existed an actionable basis to do so.

## CONCLUSION

Considering the procedural defects described in the foregoing, as well as the prior notice given to the Defendant in the Plaintiff's timely Rule 26 disclosures, Defendant cannot now seek to reap the rewards of its own inaction in failing to timely depose Ganguly for the information that it sought by moving to exclude her testimony at trial. The Motion must be denied, and to the extent that the Defendant failed to adequately and in good faith confer with the Plaintiff prior to the filing of said Motion, Defendant should also be assessed the Plaintiff's reasonable costs and attorney's fees incurred in the defense of the instant Motion.

WHEREFORE, for the foregoing reasons, Plaintiff, PAYCARGO FINANCE, LP, respectfully prays this honorable Court: (a) Deny, Defendant, ASPEN AMERICAN INSURANCE COMPANY's, Motion; (b) award Plaintiff reasonable costs and attorney's fees incurred in the defense of the Motion; and (c) any such further relief as the Court deems just and proper.

Respectfully submitted,
XANDER LAW GROUP, P.A.
1 NE 2 Ave, 200
Miami, Florida 33132
*Attorney for Plaintiff*
T: (305) 767-2001
F: (855) 926-3370
jose@xanderlaw.com
service@xanderlaw.com

BY: /S/ Jose Teurbe-Tolon
Jose Teurbe-Tolon, Esq.
Florida Bar No.: 87791

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Jose Teurbe-Tolon*