IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PAYCARGO FINANCE LP,**

    **Plaintiff,**

v.                                                         Case No. 1:22-cv-22707

**ASPEN AMERICAN INSURANCE COMPANY,**

    **Defendant,**

**BAY MARITIMES INC.,**

    **Nominal Defendant.**

_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE PLAINTIFF'S WITNESS FROM TESTIFYING AT TRIAL (ECF NO. 65)**

Plaintiff, PayCargo Finance LP ("PCF"), improperly seeks to present the testimony of its employee, Ms. Amrita Ganguly, to change and/or supplement PCF's twice taken deposition testimony to the prejudice of Defendant, Aspen American Insurance Company ("Aspen"). In its Response (ECF No. 67; "Response") to Aspen's Motion to Exclude Plaintiff's Witness from Testifying at Trial (ECF No. 65: "Motion"), PCF does not dispute the central premise of the Motion – that PCF is bound by the testimony of its corporate representative. Instead, PCF asserts that the Motion should be denied because of alleged procedural deficiencies and because Ms. Ganguly was listed in PCF's initial disclosures. PCF's arguments are meritless. The Motion was timely filed, Aspen's counsel complied with the meet and confer requirements of Local Rule 7.1, and PCF's inclusion of Ms. Ganguly in its initial disclosures does not defeat the Motion. Therefore, the Motion should be granted and Ms. Ganguly should not be allowed to testify as to any of the topics upon which Aspen has previously deposed PCF's corporate representative.

### I.     The Motion was timely filed

First, PCF argues that the Motion was untimely because it was submitted after the deadlines to file motions in limine and discovery-related motions[1] in the Scheduling Order (ECF No. 22). *See* Response at 1-2. However, given the specific circumstances present here, the Court should treat the Motion as timely filed. Although PCF had the opportunity at two properly noticed depositions to designate any person or persons as its corporate representative for any topic of inquiry, PCF twice chose only to present its CEO, Mr. Philip Philliou. As such, there was no indication that PCF intended to present the testimony of any corporate representative other than Mr. Philliou until PCF provided a draft of its witness list to Aspen *after* the deadlines in question. When Aspen reviewed PCF's witness list and learned for the first time, to its surprise, that PCF intended to present Ms. Ganguly at trial to change and/or supplement Mr. Philliou's prior testimony, Aspen promptly prepared the Motion, attempted to and then did confer with PCF's counsel, and, not being able to resolve the dispute with PCF, filed the Motion. Under these circumstances, the Motion was submitted at the earliest reasonable opportunity to do so.

### II.    Aspen's Counsel complied with Local Rule 7.1

Second, PCF argues that the Motion should be denied because Aspen's counsel allegedly failed to comply with the meet and confer requirements of Local Rule 7.1. Response at 3-4. PCF is mistaken. On September 22, 2023, Aspen's counsel attempted to reach PCF's counsel by telephone in a good faith effort to meet and confer regarding the Motion, but PCF's counsel was unavailable. On September 25, 2023, Aspen's counsel again telephoned PCF's counsel in a good faith effort to meet and confer regarding the Motion and the undersigned spoke with Mr. Jose

---

[1] PCF incorrectly states that the discovery deadline in this matter was May 10, 2023; the Court extended this deadline to August 1, 2023. *See* ECF No. 42. Regardless, for the reasons discussed herein, the Motion was timely filed.

Tuerbe-Tolon, Esq. as counsel for PCF regarding the Motion. After conferring, the parties did not reach an agreement as to the relief sought in the Motion, but PCF's counsel suggested that PCF may not oppose the Motion and that he would get back to the undersigned with confirmation. Subsequently, PCF's counsel sent an email confirming that the Motion would be opposed, a true and correct copy of which is in the record as part of **Exhibit "A"** (ECF No. 67-1) to the Response and fully incorporated herein. After receiving this email, Aspen filed the Motion.

In light of the actual conferral between counsel for the parties and PCF's stated opposition to the relief sought in the Motion, PCF's argument that Aspen did not comply with Rule 7.1 is untenable.[2] The Motion should not be denied based on any alleged violation of Rule 7.1, and PCF's baseless request for an award of attorneys' fees and costs should be rejected.[3]

### III. PCF's inclusion of Ms. Ganguly in its initial disclosures does not defeat the Motion

Third, PCF argues that because it listed Ms. Ganguly as an individual with potential knowledge regarding this matter in its initial disclosures, "no failure to disclose any witness occurred and no sanction of any kind . . . is warranted." Response at 4-7. PCF misses the point. Aspen is not arguing that PCF failed to comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). Rather, consistent with precedent from this Court, PCF is bound by the testimony of its designated corporate representative on topics properly noticed for

---

[2] Rule 7.1 does not require the parties to have multiple conferences when they are at an impasse; rather, it requires that the movant "confer . . . or make reasonable effort to confer" with opposing counsel "in good faith effort to resolve by agreement the issues raised in the motion." Counsel for Aspen complied with this requirement by (i) attempting to confer with PCF's counsel on September 22, and (ii) actually conferring with PCF's counsel on September 25.

[3] PCF's reliance on *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, No. 10-21107-CIV, 2012 WL 913248, at *2 (S.D. Fla. Mar. 16, 2012), is misplaced. There, the court simply stated that the movant's counsel had violated the meet and confer requirement of Rule 7.1, without elaborating as to the specific factual circumstances of counsel's noncompliance. *See id.* As such, *Jorda* does not support a finding that there was any noncompliance with Rule 7.1 here.

deposition and cannot change or supplement this testimony at trial by calling a different employee to provide new testimony regarding the previously noticed deposition topics. *See e.g., Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV LENARD/O'SULLIVAN, 2021 WL 4990902, at *2 (S.D. Fla. Aug. 20, 2021) ("The deposition testimony of a Rule 30(b)(6) corporate representative is binding on the corporation."); Motion at 4. That Ms. Ganguly was included in PCF's initial disclosures does nothing to support PCF's position that it can change and/or supplement the testimony of its designated corporate representative.

PCF erroneously suggests that because Ms. Ganguly was included in its initial disclosures, Aspen should have deposed Ms. Ganguly, and that, therefore, Aspen is at fault for the instant dispute concerning her testimony. *See* Response at 5. PCF conveniently ignores the fact that Ms. Ganguly is an employee of PCF. PCF's corporate representative was supposed to be prepared to testify regarding PCF's knowledge (which would include Ms. Ganguly's knowledge) about the properly noticed deposition topics. The burden was not on Aspen to depose Ms. Ganguly; rather, the burden was on PCF to either designate Ms. Ganguly as a corporate representative or educate its designated corporate representative regarding Ms. Ganguly's knowledge to provide complete testimony.[4] *See Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993) ("Rule 30(b)(6) . . . places the burden of identifying responsive witnesses for a corporation on the corporation.").

---

[4] Along the same lines, PCF asserts that it was not under any obligation to designate a corporate representative who was "most knowledgeable" regarding Aspen's properly noticed deposition topics. Response at 6-7. However, Rule 30(b)(6) requires that the corporate entity designate a representative who is prepared to testify to *the company's knowledge* regarding the noticed topics. Therefore, PCF was obligated to designate a representative who could testify about the information known or reasonably available to PCF regarding the noticed topics including, among other things, the information known or reasonably available to Ms. Ganguly as a PCF employee. *See id.*

In sum, the inclusion of Ms. Ganguly in PCF's initial disclosures does not obviate the prejudice to Aspen of having twice deposed a corporate representative only to learn on the precipice of trial that PCF intends to rely on a different employee to provide new testimony on previously noticed deposition topics. As discussed in the Motion, such an attempt would be improper and should not be allowed, and the Motion should be granted.

Dated: October 17, 2023.

Respectfully submitted,

**GURLEY ◆ FANT**

/s/ *Christopher C. Fiore*
David E. Gurley
(Fla. Bar No.: 0402214)
dgurley@gurleyfant.com
Michael A. Fant
(Fla. Bar No.: 0100713)
mfant@gurleyfant.com
Christopher C. Fiore
(Fla. Bar No.: 1015669)
cfiore@gurleyfant.com
601 South Osprey Avenue
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
eservice@gurleyfant.com

*Attorneys for Defendant, Aspen American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Christopher C. Fiore*