UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-22707-Civ- Leibowitz/Sanchez

PAYCARGO FINANCE LP,

    Plaintiff,

v.

ASPEN AMERICAN INSURANCE
COMPANY,

    Defendant,

and

BAY MARITIMES INC.,

    Nominal Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO
EXCLUDE PLAINTIFF'S WITNESS FROM TESTIFYING AT TRIAL**

This matter is before the Court on the Motion to Exclude Plaintiff's Witness from Testifying at Trial (ECF No. 65) filed by defendant Aspen American Insurance Company ("Aspen"). In that motion, Aspen asks the Court to preclude the plaintiff, PayCargo Finance LP ("PCF"), from calling Ms. Amrita Ganguly, a PCF employee, as a witness at trial. For the reasons set forth below, that motion is DENIED WITHOUT PREJUDICE.

**A.**    **The Untimeliness of Aspen's Motion Warrants Its Denial**

As an initial matter, Aspen's motion is an untimely-filed motion *in limine*. Under the Scheduling Order that was entered in this case on December 5, 2022, the parties were required to file their motions *in limine* by August 28, 2023. ECF No. 22 at 3. That deadline was never

1

modified by the Court. Aspen's motion, however, was not filed until September 26, 2023. ECF No. 65. It was thus clearly untimely and filed in contravention of the Court's Scheduling Order.

Aspen nonetheless seeks to excuse its untimely filing by arguing that it could not have filed its motion earlier because it did not know that PCF might be calling Ms. Ganguly as a witness until she was listed on PCF's witness list on September 17, 2023. *See* ECF No. 65 at 3. That argument is unavailing. First, the Court's Scheduling Order clearly required that motions *in limine* be filed three weeks *before* witness lists were to be provided. ECF No. 22 at 3. Aspen was aware of that schedule, but failed to file a timely motion *in limine* seeking to exclude any potential PCF witnesses who were not designated for deposition pursuant to Rule 30(b)(6). Second, through PCF's initial disclosures, Aspen had actually been made aware of Ms. Ganguly, that she was the Commercial Finance Director for PCF, and that she might have "knowledge about how Bay Maritimes, Inc. used the funds advanced by PayCargo Finance, L.P., the returned payments, and PayCargo Finance, L.P.'s efforts to collect on those returned payments." ECF No. 67-2 at 2. Thus, Aspen had sufficient knowledge that Ms. Ganguly was a PCF employee who was a potential witness, and Aspen was aware of the subject matter of her knowledge. Aspen nevertheless took no steps to address Ms. Ganguly's potential testimony through a timely motion *in limine*.

Given these circumstances, the Court finds that Aspen's failure to file a timely motion *in limine* to address Ms. Ganguly's testimony at trial is not justified, and the untimeliness of Aspen's motion warrants its denial.

**B.     Aspen Has Failed to Establish that Ms. Ganguly Should Be Excluded as a Witness**

In its motion, Aspen seeks to preclude PCF from calling Ms. Ganguly as a witness at trial because, Aspen argues, "Ms. Ganguly's testimony at trial could only serve to improperly and prejudicially change or supplement PCF's prior testimony, which binds PCF and on which Aspen

is entitled to rely" and the Court should thus "prohibit PCF from calling Ms. Ganguly as a witness at trial to testify as to any Rule 30(b)(6) topics noticed by Aspen including, without limitation, those pertaining to PCF's alleged damages accounting." ECF No. 65 at 3; *see also* ECF No. 65 at 5-6 (arguing that "after PCF's corporate representative was twice deposed regarding properly noticed topics, PCF is now attempting to introduce new evidence pertaining to these topics through Ms. Ganguly, another one of its employees who, according to PCF, has additional knowledge regarding these topics"); ECF No. 68 at 1 (contending that PCF "seeks to present the testimony of its employee, Ms. Amrita Ganguly, to change and/or supplement PCF's twice taken deposition testimony").

Other than Aspen's speculation, nothing in Aspen's motion or in the record establishes the content of what Ms. Ganguly's trial testimony would actually be. Indeed, given that Ms. Ganguly was never deposed, the Court finds it difficult to understand how Aspen can advance its characterizations of the anticipated content of Ms. Ganguly's testimony. Certainly, nothing has been presented to the Court showing that Ms. Ganguly's testimony would change or otherwise deviate from the testimony previously provided by Mr. Philip Philliou during his depositions pursuant to Rule 30(b)(6). Her testimony may simply corroborate Mr. Philliou's testimony, or she may be called to furnish a first-hand account by a witness with personal knowledge of the same facts and circumstances testified to on deposition by Mr. Philliou. Ms. Ganguly might also be called to testify at trial about matters about which Aspen never questioned Mr. Philliou during his depositions. The Court simply does not know at this point and on this record what Ms. Ganguly's trial testimony might be. All the record establishes is that PCF may call Ms. Ganguly to "testify to accounting matters." ECF No. 62-1 at 2.

Moreover, nothing in Rule 30(b)(6) states that the individuals designated by an organization as Rule 30(b)(6) deponents are the only individuals who can testify at trial about the matters set forth in the Rule 30(b)(6) notice of deposition, and Aspen has certainly furnished no authority to the contrary.  Indeed, although Mr. Philliou provided deposition testimony on behalf of PCF pursuant to Rule 30(b)(6), that does not mean that he is the witness who has personal knowledge of all the facts about which he testified or that he is the person who is qualified to testify at trial about those matters.  *See, e.g.*, *Radke v. NCL (Bahamas) Ltd.*, No. 19-CV-23915, 2021 WL 1738928, at *2 (S.D. Fla. May 3, 2021) ("While Rule 30(b)(6) does not require a corporate deponent to have direct personal knowledge of the matters to which he or she testifies, '[Fed. R. Evid. 602] limits the [corporate representative's] trial testimony to matters that are within his [or her] personal knowledge.'") (footnote omitted) (quoting *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014)); *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) ("[A] Rule 30(b)(6) witness need not have personal knowledge of the designated subject matter.").

While Aspen may be correct in arguing that PCF may, depending on the circumstances, be bound to at least some extent by testimony previously given by Mr. Philliou during PCF's Rule 30(b)(6) depositions, *see, e.g.*, *QBE Ins. Corp.*, 277 F.R.D. at 690; *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 4990902, at *2-3 (S.D. Fla. Aug. 20, 2021), Aspen has failed to establish—at least at this point—that Ms. Ganguly's trial testimony would run afoul of any binding testimonial limitations established by those Rule 30(b)(6) depositions.  On this record and at this stage of the proceedings, there is simply an insufficient basis to exclude Ms. Ganguly from testifying at trial.  However, *if* PCF should seek to introduce testimony from Ms. Ganguly at trial that Aspen believes should properly be excluded because it runs afoul of binding

positions and testimony provided by PCF in its Rule 30(b)(6) depositions, then Aspen's remedy will be to object at that time to that specific testimony. On the current record, however, Aspen's *in limine* request to exclude Ms. Ganguly as a witness is premature.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Aspen's Motion to Exclude Plaintiff's Witness from Testifying at Trial (ECF No. 65) is **DENIED WITHOUT PREJUDICE.** Aspen, however, is not precluded by this Order from raising contemporaneous Rule 30(b)(6)-based objections at trial to specific testimony offered by PCF through Ms. Ganguly.

**DONE AND ORDERED** in chambers at Miami, Florida this 12th day of April 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. David S. Leibowitz
      Counsel of Record